UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CLYDE REID,

                        Petitioner,

v.
                                                9:09-CV-0820
SUPERINTENDENT,                                (GTS)
Altona Correctional Facility,

                        Respondent.
_____

APPEARANCES:                                 OF COUNSEL:

CLYDE REID
  Petitioner, *Pro Se*
1484 Herkimer Street, Apt. 2A
Brooklyn, New York 11233

HON. ANDREW M. CUOMO               PRISCILLA I. STEWARD, ESQ
Attorney General for the State of New York   Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, New York 10271

HON. GLENN T. SUDDABY, United States District Judge

## DECISION AND ORDER

      On July 2, 2009, Clyde Reid ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he argued as follows: (1) the New York State Department of Corrections ("DOCS") failed to place him in a 90-day substance abuse program in accordance with a parole violation sanction imposed by the New York State Division of Parole; and (2) DOCS improperly calculated his prison release date by adding four months of prison time to his parole revocation sentence. (Dkt. No. 1 at ¶ 5.) Respondent argues that, because Petitioner has been released to parole, the petition should be dismissed as moot. (Dkt. No. 13, Respondent's Memorandum of Law, at 4-8 ["Resp't Mem."].) For the reasons that follow, the petition is dismissed as moot.

**I.     RELEVANT BACKGROUND**

On September 21, 2006, Petitioner was adjudicated a youthful offender following his guilty plea in Kings County Supreme Court to first degree gang assault and first degree robbery. (Dkt. No. 14, Attach. 1 [Ex. A].) Petitioner was sentenced to an aggregate term of one and one-third to four years in prison. (*Id.*)

On February 5, 2009, Petitioner was released to parole supervision. (Dkt. No. 14, Attach. 2 [Ex. B].) On April 28, 2009, Petitioner was served with a notice of a parole violation based upon the following charges: (1) on March 30, 2009, Petitioner was observed operating a motor vehicle without a seat belt; (2) on March 30, 2009, Petitioner was operating a motor vehicle without a license; (3) on March 30, 2009, Petitioner possessed a forged Pennsylvania insurance card; and (4) on or about April 7, 2009, Petitioner used marijuana without medical authorization. (Dkt. No. 14, Attach. 3 [Ex. C].) On May 29, 2009, Petitioner pleaded guilty to using marijuana without medical authorization. (Dkt. No. 14, Attach. 4 [Ex. D].)

In a Parole Revocation Decision Notice dated May 30, 2009, an Administrative Law Judge ("ALJ") declared Petitioner delinquent on his parole as of April 16, 2009. (Dkt. No. 14, Attach. 4 [Ex. D].) The ALJ ordered Petitioner to enter a 90-day substance abuse treatment program or, in the alternative, that he be held in prison until his maximum expiration date. (*Id.*)

On June 12, 2009, Petitioner was returned to DOCS and was credited with forty-five days of parole time. (Dkt. No. 14, Attach. 5 [Ex. E].) DOCS calculated his conditional release date to be January 2, 2010, and his maximum expiration date to be May 4, 2010. (*Id.*)

DOCS did not transfer Petitioner to a substance abuse treatment program. (Dkt. No. 1.) On July 15, 2009, Petitioner filed the pending petition for a writ of habeas corpus in this Court. (Dkt. No. 1.)

On August 31, 2009, with the assistance of an attorney, Petitioner filed a state petition for a writ of habeas corpus in the Clinton County Supreme Court. (Dkt. No. 14, Attach. 6 [Ex. F].) Counsel argued that Petitioner should be released to parole supervision because DOCS did not transfer him to the substance abuse treatment program, and ninety days had passed since he was directed to enter and complete the program. (*Id.*)

The Division of Parole ALJ issued an amended Parole Revocation Decision Notice on November 2, 2009. (Dkt. No. 14, Attach. 7 [Ex. G].) In the amended decision, the ALJ noted that, for "reasons unknown," Petitioner was not transferred to the substance abuse treatment program. (*Id.*) Since Petitioner served six months on the parole revocation, and was not transferred to treatment, the ALJ amended the sentence imposed on the parole revocation to time served "in the interest of justice" and directed that Petitioner be restored to parole. (*Id.*) On November 20, 2009, Petitioner withdrew his state habeas petition because he had been released. (Dkt. No. 14, Attach. 8 [Ex. H].)

On January 11, 2010, the Attorney General of the State of New York, acting on behalf of Respondent, filed a letter motion requesting permission to limit his response to the question of whether the habeas petition pending in this Court was also moot in light of Petitioner's release from custody. (Dkt. No. 10.) In an Order dated January 12, 2010, the Court granted Respondent's motion. (Dkt. No. 11.) On January 15, 2010, Respondent filed a response to the petition. (Dkt. Nos. 12-15.) Petitioner was granted permission to file a Traverse, but to date has not done so. (*See* Dkt. No. 11.)

**II. DISCUSSION**

This Court's subject matter jurisdiction is limited by Article III, Section 2 of the United States Constitution to matters that present a "case or controversy." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Baur v. Veneman*, 352 F.3d 625, 631-32 (2d Cir. 2003). Habeas petitioners

3

no longer in custody must demonstrate the existence of a "concrete and continuing injury" or some "'collateral consequence' of the conviction" in order for a petition to be granted. *Spencer,* 523 U.S. at 7; *Jackson v. Schult*, 07-CV-1146, 2008 WL 5056851, at *1 (N.D.N.Y. Nov. 21, 2008) (Hurd, J. adopting Bianchini, M.J.).

The Supreme Court has stated that a challenge to an underlying conviction itself carries the presumption that collateral, adverse consequences exist. *Spencer*, 523 U.S. at 12 ("[I]t is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences.'") (quoting *Sibron v. New York*, 392 U.S. 40, 55 [1968]). But because Petitioner does not challenge his underlying conviction, no presumption of collateral consequences exists in this case. *Spencer*, 523 U.S. at 7-8. Petitioner must therefore prove the existence of a concrete and continuing injury resulting from the DOCS's failure to place him in a substance abuse treatment program, and from an allegedly incorrect calculation of his sentence. *Id.* at 7; *Jackson*, 2008 WL 5056851, at *1.

When the Division of Parole learned that Petitioner was not transferred to a substance abuse treatment program in accordance with its May 30, 2009 Parole Revocation Decision Notice, the ALJ amended its decision and directed that Petitioner be sentenced to time served on the parole revocation and restored to parole "interests of justice." (Dkt. No. 14, Exs. D, G.) Under these circumstances, Petitioner cannot demonstrate an ongoing, concrete injury resulting from DOCS's failure to place him in a substance abuse treatment program in accordance with the original Parole Revocation Decision Notice, and this claim is therefore moot. *Spencer*, 523 U.S. at 7-8.

In addition, Petitioner's claim that DOCS improperly calculated his sentence is moot because he has been released to parole, and his sentence appears to have expired on or about May 4, 2010. (Dkt. No. 14, Ex. E.) *See also Spencer*, 523 U.S. at 14-18; *Ruddy v. Bocaud*, 08-

CV-1319, 2009 WL 5030790, at *3 (N.D.N.Y. Dec. 14, 2009) (Kahn, J) (concluding that claims that petitioner did not receive appropriate credit to his sentence for time served while he was on probation and that his parole was improperly revoked were moot because petitioner was released from prison); *Robinson v. Connell*, 03-CV-1151, 2008 WL 907318, at *2 (N.D.N.Y. Mar. 31, 2008) (Kahn, J. adopting Bianchini, M.J.) (concluding that habeas petition based upon petitioner's allegation that his conditional and maximum release dates from prison were improperly calculated was mooted by petitioner's release from prison because petitioner "failed to demonstrate a continuing concrete injury as the result of the alleged miscalculation of his release dates that might have been remediable by writ.").

**ACCORDINGLY**, it is

**ORDERED** that the petition for a writ of habeas corpus (Dkt. No. 1) is **DENIED** and **DISMISSED as moot**; and it is

**ORDERED** that no certificate of appealability shall issue in this case because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: December 1, 2010
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge